IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RHONDA AUFDEMORTE,<br>          Plaintiff,<br><br>vs.<br><br>MOUNTAIN WEST MEDICAL CENTER,<br>          Defendants. | ORDER AND<br>MEMORANDUM DECISION<br><br>Case No. 2:12-cv-615<br>Judge Tena Campbell |

## I. BACKGROUND

In this employee sexual harassment lawsuit, Plaintiff Rhonda Aufdemorte sued Defendants Mountain West Medical Center (MWMC) and Community Health Systems Professional Services Corporation (CHSPSC), alleging gender discrimination, retaliation, and wrongful discharge in violation of public policy under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.  Based on an earlier motion, the court dismissed the wrongful discharge claim against all Defendants.  The court also dismissed without prejudice the gender discrimination and retaliation claims as to CHSPSC for lack of subject matter jurisdiction because Ms. Aufdemorte failed to show that she had exhausted administrative remedies against CHSPSC as required by 42 U.S.C. § 2000e-5(f) (2006).

Plaintiff Rhonda Aufdemorte has now moved to amend her complaint.  According to Ms. Aufdemorte, she named MWMC and its parent company, Community Health Systems, Inc. (CHSI), as parties in the proceedings before the Equal Employment Opportunity Commission (EEOC).  But at some point, CHSI was dropped from the proceedings, allegedly due to a clerical error.  So, the Right-to-Sue letter issued by the EEOC only referred to MWMC.  It is undisputed

that Ms. Aufdemorte never specifically named CHSPSC during the EEOC proceedings.

Ms. Aufdemorte argues that she should be able to amend her Complaint to add CHSPSC, even though she did not properly exhaust all administrative remedies against CHSPSC, because the facts in this case fall under an exception to the exhaustion requirement. MWMC opposes Ms. Aufdemorte's Motion to Amend, claiming that the proposed amendment is futile because the facts do not fall within the narrow exception to the exhaustion requirement and so the court lacks subject matter jurisdiction.

For the reasons set forth below, the court denies Ms. Aufdemorte's Motion to Amend.

## II. ANALYSIS

Rule 15 of the Federal Rules of Civil Procedure directs that a court shall freely give leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). But a court may deny a motion for leave to amend when allowing the proposed amendment would be futile. Anderson v. Suiters, 499 F.3d 1228, 1238 (10th Cir. 2007). A proposed amendment is futile if the complaint, as amended, would be subject to dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction. See id.

A motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) may be granted if the allegations in the proposed complaint are insufficient (this is called a "facial attack"). Holt v. United States, 46 F.3d 1000, 1002 (10th Cir. 1995). For facial attacks, the "court must accept the allegations in the complaint as true." Id.[1]

---

[1] A motion to dismiss for lack of subject matter jurisdiction may also take the form of a factual attack by contending that the alleged facts are incorrect. Holt v. United States, 46 F.3d 1000, 1002 (10th Cir. 1995). When considering factual attacks, "a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to

With this in mind, the court must determine whether it has subject matter jurisdiction over Ms. Aufdemorte's claims against CHSPSC even though she never exhausted her administrative remedies against that entity. The Tenth Circuit in <u>Romero v. Union Pacific Railroad</u>, 615 F.2d 1303 (10th Cir. 1980), discussed the narrow exception to the exhaustion requirement. The <u>Romero</u> court noted that failure to name a party during EEOC proceedings does not automatically mandate dismissal for lack of subject matter jurisdiction. A court must consider four factors:

> "1) [W]hether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party."

<u>Id.</u> at 1312 (quoting <u>Glus v. G. C. Murphy Co.</u>, 562 F.2d 880, 888 (3d Cir. 1977)). "Depending on the facts, additional factors may be relevant." <u>Id.</u>

As shown below, the court has examined Ms. Aufdemorte's proposed complaint and finds that she has failed to allege facts sufficient to show she falls within this narrow exception.

---

allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion." <u>Holt</u>, 46 F.3d at 1003.
   Here, MWMC challenges Ms. Aufdemorte's proposed amendment both on its face and on the facts as alleged. The court need not consider the factual attack at this time because, as noted below, Ms. Aufdemorte's proposed amendment is futile on its face, even accepting all the allegations in the proposed amended complaint as true.

**1. Ascertainability**

Ms. Aufdemorte concedes that the identity of CHSPSC was ascertainable.  She notes that CHSPSC uses the same mailing address as one of the other named parties in the EEOC proceedings (CHSI), that MWMC used CHSPSC's corporate counsel during the EEOC proceedings, and that Ms. Aufdemorte had received letters with letterhead indicating some relationship between MWMC, CHSI, and CHSPSC.  Accordingly, this factor weighs against allowing suit.

**2. Similarity of Interests**

Under this factor, the court must determine whether the interests of MWMC are so similar to CHSPSC's interests that—for the purpose of obtaining voluntary conciliation and compliance—it would be unnecessary to name CHSPSC.

Ms. Aufdemorte alleges CHSI is the parent company of CHSPSC and MWMC.  At the same time, she alleges that CHSI is a "doing business as" name for CHSPSC.  Ms. Aufdemorte never explains how these contradictory allegations can be reconciled.  Nor does she explain why MWMC's interests are so aligned with CHSPSC's that she was not required to name CHSPSC in the EEOC proceedings.  The most the court can infer from Ms. Aufdemorte's allegations is that she claims MWMC is being controlled by CHSI, and since CHSPSC and CHSI are the same company, CHSPSC is at the helm of MWMC.  Accepting her allegations as true at this stage, this factor weighs slightly in favor of allowing suit.

**3. Actual Prejudice**

Ms. Aufdemorte argues that CHSPSC was not actually prejudiced by its absence from the EEOC proceedings.  Although CHSPSC was never named in the EEOC proceedings, Ms.

Aufdemorte alleges that CHSPSC was aware of the EEOC proceedings because CHSPSC's corporate counsel, Mr. Rhea Garrett, also represented MWMC during the proceedings. In essence, Ms. Aufdemorte argues that CHSPSC should have jumped into the EEOC proceedings even though it was not named and that its choice to stay out of the proceedings shows that it was not actually prejudiced.

If an unnamed party knows of EEOC proceedings, and that party's actions were central to the proceedings, it is possible for a court to find that the party was not actually prejudiced by its absence from the proceedings. See Buffi v. Sinclair Oil Co., No. 2:12-cv-92-TS, 2012WL 2886705, at *4 (D. Utah July 13, 2012). For example, in Buffi, Ms. Buffi filed an EEOC complaint against her former employer, Snowbasin Ski Resort, alleging age and disability discrimination, as well as retaliation. Id. at *1–2. In her EEOC complaint, Ms. Buffi did not name the Snowbasin supervisor alleged to have engaged in the discriminatory and retaliatory conduct. But after exhausting administrative remedies against Snowbasin, when Ms. Buffi filed a lawsuit in court, she named both Snowbasin and her supervisor in his individual capacity. The supervisor filed a motion to dismiss the claims against him, arguing that the court lacked subject matter jurisdiction because he had not been named in the EEOC proceedings. After the court examined the Romero factors, it allowed suit. Id. at 3–4. Looking at the prejudice factor, the court reasoned that the supervisor's actions were so central to the charges of discrimination and retaliation that Snowbasin undoubtedly interviewed him as part of the EEOC proceedings and so he likely would have had notice of the EEOC proceedings. Id. at 4. In other words, the court allowed suit against the alleged wrongdoer because Ms. Buffi had named and exhausted administrative remedies against the party who was in control of the alleged wrongdoer, which

gave rise to an inference that the alleged wrongdoer was on fair notice that his conduct was being examined as a central part of the EEOC proceedings.

The facts in this case are different than those in <u>Buffi</u>: instead of naming the party in control of the alleged wrongdoer (CHSPSC), Ms. Aufdemorte only named the alleged wrongdoer (MWMC). The court cannot conclude that by naming the alleged wrongdoer in the EEOC proceedings, the unnamed parties had sufficient notice. Ms. Aufdemorte did not allege any CHSPSC actions that contributed to the alleged conduct. Accordingly, failure to name CHSPSC caused actual prejudice, and this factor weighs against allowing suit.

### 4. Representations of Relationship

Ms. Aufdemorte says she has sufficiently alleged that CHSPSC told her that her dealings with CHSPSC should be conducted through MWMC. She alleges that CHSPSC's corporate counsel, Mr. Garrett, wrote her a letter in which he stated that he was representing MWMC during the EEOC proceedings. Pointing to the fact that the letter was on CHSI letterhead and that a portion of the legal disclaimer language at the bottom of the message indicated some type of relationship between CHSI, CHSPSC, and MWMC, Ms. Aufdemorte contends that this demonstrates that CHSI is a "doing business as" name for CHSPSC.

The sharing of letterhead and the same counsel alone are not enough for the court to infer that CHSPSC represented to Ms. Aufdemorte that her dealings with CHSPSC should be handled through contact with MWMC. The letter's content indicates that Mr. Garrett's role during the EEOC proceedings was only to represent MWMC. And it is not enough to add that CHSI is a "doing business as" name for CHSPSC. Nothing in the proposed amended complaint suggests that CHSPSC or CHSI wanted Ms. Aufdemorte to pursue her claims against them through

MWMC.  Accordingly, this factor weighs against allowing suit.

**5. Additional Factors**

As noted in Romero, the four factors discussed above are not the only ones the court may consider.  "Depending on the facts, additional factors may be relevant."  Romero, 615 F.2d at 1312.

Here, an additional fact weighs against allowing suit.  Specifically, Ms. Aufdemorte was represented by counsel during the majority of the EEOC proceedings, yet she failed to amend her EEOC complaint to add CHSPSC.  Unlike some complainants who appear in front of the EEOC in a pro se capacity, Ms. Aufdemorte hired counsel to assist her soon after filing the complaint.  Although it is unclear whether her counsel deliberately chose not to amend the complaint to add CHSPSC, or whether the absence of CHSPSC was an oversight, this factor weighs against allowing suit.

### III. CONCLUSION

After examining the above factors, the court finds that the majority of them weigh against allowing suit.  As a result, this court finds that the proposed amendment is futile because it would be subject to dismissal for lack of subject matter jurisdiction.  For the foregoing reasons, Ms. Aufdemorte's Motion for Leave to Amend Complaint (Docket No. 33) is DENIED.

SO ORDERED this 7th day of February, 2013.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge